LYNWOOD JOHNSON v. THOMAS HERBERT RHODES.

(Filed 11 November, 1959.)

**1. Automobiles § 41g—**

> Plaintiff's evidence to the effect that he was traveling on a servient street, stopped before entering the intersection with the dominant street, looked in each direction and, seeing no traffic approaching, proceeded into the intersection, and after he had traveled more than half the intersection was struck by defendant's vehicle which entered the intersection along the dominant street at a speed of 40 to 50 m.p.h. in a 35 m.p.h. zone *held* sufficient to take the issue of negligence to the jury.

APPEAL by defendant from *Sharp, S. J.,* March 23, 1959 Term, of WAKE.

Plaintiff was awarded damages for personal injuries sustained in a collision of an automobile owned and operated by defendant in a southwardly direction on West Street in Raleigh with an automobile owned and operated by plaintiff in a westward direction on Hargett Street.

Vehicles traveling on Hargett Street are required to stop before entering its intersection with West Street.

To support his claim for damages plaintiff alleged excessive speed and failure to keep a proper lookout by defendant.

Defendant denied negligence on his part and, as a further defense pleaded excessive and unlawful speed by plaintiff and a failure to stop before entering the intersection as contributory negligence barring recovery.

*Bunn, Hatch, Little & Bunn for plaintiff, appellee.*
*Teague, Johnson and Patterson, Howard F. Twiggs, and Wright T. Dixon for defendant, appellant.*

PER CURIAM. Defendant's motion to nonsuit, made at the conclusion of the evidence, was overruled. The only question presented by this appeal is the correctness of the ruling on that motion.

The parties stipulated the speed limit was 35 m.p.h. Plaintiff's testimony fixed defendant's speed at 40-50 m.p.m. Plaintiff testified that he stopped before entering the intersection, moved a child from the front seat to the back seat, and, after looking in each direction and seeing no traffic on West Street, proceeded into the intersection at a speed of 5-10 m.p.h. His vision on West Street at the intersection was limited to 150 to 200 feet. The streets are 40 feet wide. Plaintiff, according to his version, had traveled more than half the intersection

and was 12 feet from the west curb line of West Street when struck by defendant.

Defendant's evidence contradicted plaintiff's testimony and painted an entirely different picture.

What the true facts were was a question to be determined by the jury, not by the court.

No error.